After due deliberation, the Court rejected the application.
DADE, J.,
delivered the opinion of the Court :
This Case differs from that of M’ Caul, in this important particular, that here, in every instance where the juror separated from his fellows, he was attended by the Sheriff; whereas in M’Caul’s Case there was no such attendance. The Court cannot, therefore, consider that the rule established in that Case, that the separation of one juror from the rest of the jury, without imperious necessity, will vitiate the verdict, is to be taken in a sense as exclusive as its words import, but think that it should be understood in reference to the Case then in hand, according to a sound remark of Lord Ellen-borough, in Doe v. Guy, 3 East’s Rep. 21: That general language used by the Court, in giving its opinions in any Case, must always be understood with reference to the subject matter then before them.” The necessary deduction from the opinion in Mc’Caul’s Case, corroborates this idea. Eor, when the Court say that *this separation, without imperious necessity, vitiates the verdict, it follows, that in a case of imperious necessity, such a separation, without the attendance of an officer, would not have such an effect; which shews, that the case of separation, in the custody of the officer, was not in contemplation of the Court.
*320 But, the foundation of the rule in M’Caul’s Case, certainty was the avoiding' to afford an opportunity to tamper with the jury: and the Court lay much stress on the argument, that if such separations be allowed, the evidence from which the verdict would be attempted to be purged of stain, would almost always be of a very suspicious character, as it must be derived from the very juror who may have been corrupted: this is a farther circumstance to shew that such a case as this was not in their mind; ' for this great argument in that case does not apply here. The testimony was derived, and in such cases may always be derived, from a pure and impartial source, the Sheriff, an officer of the Taw, towards whom we are not warranted in extending such a suspicion; for, if we might do so, he having manjr opportunities of corruption, there would be an end of all confidence in many of the most important proceedings of Courts of Justice, in which that officer has an extensive agency and influence. The difference, then, between M’Caul’s Case and this, may be thus briefly stated. In the former, there was the utmost facility of corrupting the jury; in the latter, a bare possibility. In the former, it would have been extremely difficult, if not impossible, to have procured proof of the guilt of the jury, except from the party to the crime: in the latter, proof of even an attempt at tampering, is always at hand from an accredited source. It would ' not seem proper to apply the same rule to Cases so exceedingly different, only because, in a Case in which that rule was applicable, it has been laid down by the Court in general terms.
It was not denied, in M’Caul’s Case, that a juror might misbehave himself without vitiating his verdict; but, the application of that proposition was repelled in that Case, because, there, the acts of misbehaviour might readily lead to such dangerous consequences, for the reasons that we have already quoted from that Case. But, we think we have shewn, that in this Case there was a bare possibility of such consequences. And we do not think ourselves justified, on account of a remote possibility, to obstruct the ^justice of the country in a case where we cannot doubt that the prisoner has received no injury. A majority of the Court is, for these reasons, of opinion, that the Writ of Error ought to be denied.
Erom this opinion, JUDGES BROCKEN-BROUGH, SEMPEE and BARBOUR, dissent.